**Affirmed and Opinion filed May 7, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00210-CV

---

## VERNON KENT MAREE AND FRONT ROW PARKING, INC., Appellants

## V.

## BALDEMAR (VAL) ZUNIGA, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1063505**

---

## O P I N I O N

Two plaintiffs appeal the trial court's summary judgment dismissing the petition in which they sought an equitable bill of review against a judgment rendered after they failed to appear at trial. The appellants have not shown that the summary-judgment evidence raises a genuine fact issue as to whether no proper service of process was effected on them or as to whether they diligently pursued all available and adequate legal remedies, such as a new trial. The appellants have not shown that the trial court erred in granting summary judgment based on the no-

evidence ground challenging the third equitable-bill-of-review element — lack of fault or negligence on the appellants' part. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/defendant Baldemar (Val) Zuniga sued Vernon Kent Maree and Front Row Parking, Inc. (the "Maree Parties") in Cause Number 1029606 in County Civil Court at Law No. 4 in a dispute arising from the sale of 2013 Super Bowl tickets ("the Zuniga Lawsuit").[1] Zuniga made efforts to serve Maree and Front Row. According to Maree, Troy Pradia is a Texas attorney who, in October 2013, sought to purchase event tickets from one of Maree's businesses. Maree says that in a casual conversation with Pradia, Maree mentioned that someone had tried to serve papers related to the Zuniga Lawsuit on Maree while Maree was out of the office, and Pradia suggested that he would look into the matter. Though Maree appreciated Pradia's suggestion, Maree maintains that he had no expectation that Pradia would do anything beyond giving casual advice. Maree claims that Maree and Pradia discussed nothing further, and Maree never engaged Pradia to represent him or Front Row. Maree says he soon forgot his conversation with Pradia, he had no reason to follow up, and he quickly lost contact with Pradia. Soon after this conversation, Maree moved his businesses to a different location.

The Maree Parties assert that they never authorized Pradia to appear or file an answer on their behalf in any proceeding, including the Zuniga Lawsuit. Maree says that because he never engaged Pradia as an attorney and had no expectation of engaging Pradia, Maree did not notify Pradia of his changed address.

---

[1] The statements in this section are based on the allegations in the Maree Parties' live pleading in the court below.

2

Neither of the Maree Parties signed an engagement letter with Pradia or paid him a retainer. Pradia, purporting to act as attorney for the Maree Parties, filed an original answer on their behalf in the Zuniga Lawsuit. Shortly thereafter, the trial court issued a notice setting a bench trial for June 16, 2014 (the "Trial Date"). The Maree Parties claim that Pradia never communicated to them that he had filed an answer on their behalf in the Zuniga Lawsuit or that the trial court had set the case for trial.

About four months later, the trial court granted Pradia's motion to withdraw as counsel for the Maree Parties, with no new counsel taking Pradia's place. The Maree Parties assert that they never received notice of the motion to withdraw, and that even if they had received notice, the motion did not mention the trial setting or inform them of the Trial Date.

The Maree Parties allege on information and belief that Zuniga appeared through counsel for trial on the Trial Date, and that Zuniga asked the court to sign a judgment by default for the Maree Parties' failure to appear at trial. Four days later, the trial court issued notice that a "hearing" was set for July 16, 2014 ("the Hearing Date"). In the notice the court did not mention what the court would take up at the hearing. The Maree Parties assert that they never received notice of the Hearing Date. The trial court signed a final judgment on July 28, 2014, awarding Zuniga relief on his claims against the Maree Parties (the "Underlying Judgment"). In the Underlying Judgment the trial court does not recite when the case was heard. The Maree Parties assert that they did not receive notice that the trial court had rendered this judgment and that they only became aware of the judgment when Zuniga began post-judgment collection efforts.

*Bill-of-Review Proceeding*

In June 2015, the Maree Parties filed this equitable-bill-of-review

proceeding in the trial court, seeking to set aside the Underlying Judgment. In their live pleading they assert that they were never properly served with process in the Zuniga Lawsuit and that they never received notice of either the Trial Date or of the Hearing Date. The Maree Parties claim that they never had an attorney/client relationship with Pradia and that they did not know that Pradia was purporting to represent them in the Zuniga Lawsuit. They argue that the notice of trial setting served on Pradia did not give them notice of the trial setting.

The Maree Parties further allege that they did not receive any notice of the Underlying Judgment from the trial court clerk. In the trial court the Maree Parties asserted that they had meritorious defenses to the Zuniga Lawsuit that they were prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake, unmixed with any fault or negligence on their part. In addition, the Maree Parties claimed that they did not have to prove the traditional elements necessary to obtain bill-of-review relief because the Maree Parties were never properly served with process and because the Maree Parties never received notice of the trial setting or of the Underlying Judgment.

Zuniga filed a summary-judgment motion asserting the following grounds:

(1) There is no evidence that either of the Maree Parties has a meritorious defense to the Zuniga Lawsuit;

(2) There is no evidence that either of the Maree Parties were prevented from making a meritorious defense by the fraud, accident, or wrongful act of the opposing party or by official mistake;

(3) There is no evidence of an absence of fault or negligence on the part of either of the Maree Parties; and

(4) The summary-judgment evidence proves as a matter of law that the Maree Parties' fault or negligence was a cause of the Underlying Judgment and thus the Maree Parties cannot establish the third element necessary for bill-of-review relief.

4

The Maree Parties filed a response containing Maree's declaration, with two attachments (a copy of Maree's driver license and a handwritten document dated March 16, 2013), and an appendix containing fourteen documents purportedly filed in the Zuniga Lawsuit.

The trial court granted Zuniga's summary-judgment motion without specifying the grounds and dismissed the Maree Parties' bill-of-review suit. The Maree Parties appealed.[2]

## II. ISSUES AND ANALYSIS

In four appellate issues, the Maree Parties assert that the trial court erred in granting summary judgment because the summary-judgment evidence raised a genuine fact issue as to whether (1) Pradia lacked authority to appear on behalf of the Maree Parties in the Zuniga Lawsuit; (2) the Maree Parties were not served with process in the Zuniga Lawsuit; (3) the Maree Parties did not have notice of the trial setting in the Zuniga Lawsuit; and (4) the Maree Parties were not served with notice of the Underlying Judgment.

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovants to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Marathon Petroleum Co. LP v. Cherry Moving Co., Inc.*, 550 S.W.3d 791, 797 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovants pointed out summary-judgment evidence raising a genuine issue of

---

[2] This is the second appeal by the Maree Parties in this case. In the first appeal this court concluded that the trial court erred in rendering judgment following a *Baker v. Goldsmith* hearing. *See Maree v. Zuniga*, 502 S.W.3d 359, 366–67 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovants, crediting evidence favorable to the nonmovants if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

**A. Did the trial court err in granting summary judgment because the summary-judgment evidence raises a genuine fact issue as to whether each of the Maree Parties was not properly served with process?**

A bill of review is an independent, equitable proceeding brought by a party to a prior action seeking to set aside a judgment in that action that is no longer subject to challenge by a motion for new trial or a direct appeal. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Ordinarily, to be entitled to relief in an equitable-bill-of-review proceeding, the plaintiff must plead and prove that the plaintiff has (1) a meritorious claim or defense, (2) which the plaintiff was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the plaintiff's part. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). In his summary-judgment motion, Zuniga asserted that there is no evidence as to each of these elements, including no evidence of an absence of fault or negligence on

the part of either of the Maree Parties. On appeal, the Maree Parties do not assert that the summary-judgment evidence raises a genuine issue as to each of the three elements. Instead, the Maree Parties rely on *Caldwell v. Barnes* and its progeny, which gives an exception to the general rule requiring proof of these three elements. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004).

In *Caldwell*, the Supreme Court of Texas concluded that if an equitable-bill-of-review plaintiff carries the burden of proving that the plaintiff was not served with process, the plaintiff need not prove the first two elements and the law will deem the plaintiff to have established conclusively the third element.[3] *See id*. On appeal and in the trial court, the Maree Parties have cited this rule and argued that because the summary-judgment evidence raises a fact issue as to whether they were served with process in the Zuniga Lawsuit, they need not prove the first two elements, and the law will deem them to have proved the third element. *See id*.

At times in their argument, the Maree Parties assert that "they were not properly served with process," rather than "[they] were not served with process." It appears that the Maree Parties are asserting that if they carry the burden of proving that they were not properly served with process in the Zuniga Lawsuit, then they need not prove the first two elements, and the law will deem them to have conclusively established the third element. We presume for the sake of argument that this assertion correctly reflects Texas law. We also presume, without deciding, that (1) the Maree Parties raised a genuine fact issue as to whether Pradia had no attorney/client relationship with either of them and no authority to represent them in the Zuniga Lawsuit and (2) if Pradia lacked authority to represent the

---

[3] A plaintiff need not effect service of process on a defendant who has appeared in the case or waived service of process. *See* Tex. R. Civ. P. 121, 124. Presumably, the rule in *Caldwell* does not apply in cases in which the equitable-bill-of-review plaintiff made an appearance or waived service of process in the prior case. The *Caldwell* case does not address who has the burden of proof in this regard, and we need not address this issue to dispose of this appeal.

Maree Parties in the Zuniga Lawsuit, the answer Pradia filed did not bind either of the Maree Parties. In addition, we presume that the *Caldwell* line of cases applies to today's case, even though the Underlying Judgment is not a no-answer default judgment because Pradia purported to file an answer on behalf of the Maree Parties, and thus Zuniga did not obtain a no-answer default judgment. Under these presumptions the trial court erred in granting summary judgment if the Maree Parties carried the burden of raising a genuine fact issue that each of them was not properly served with process in the Zuniga Lawsuit.

### 1. *Service of Process on Front Row*

The summary-judgment evidence contains a document purporting to be a citation addressed to Front Row and a certificate from the Texas Secretary of State certifying that (1) the Texas Secretary of State's office received a copy of a citation and Plaintiff's First Amended Petition in the Zuniga Lawsuit on June 3, 2013; (2) two days later the Texas Secretary of State's office forwarded a copy to Front Row through its registered agent Kent Maree by certified mail, return receipt requested; and (3) the Texas Secretary of State's office received the signed return receipt on July 13, 2013. The Maree Parties submitted these two documents as summary-judgment evidence in the trial court below, and they rely on the documents in their appellate briefing. In this part of the opinion, we presume for the sake of argument that these two documents are authenticated and competent summary-judgment evidence. In his summary-judgment affidavit, Maree stated, "I have no specific recollection as to how I became aware of the [Zuniga Lawsuit]." However, Maree testified he believes "that sometime during July 2013 [he] received a copy of the papers in the [Zuniga Lawsuit], addressed to Front Row Parking, Inc. from the Texas Secretary of State."

On appeal, the Maree Parties assert only one argument as to why service of

process on Front Row was improper: the citation and the certificate from the Secretary of State fail to show that the address to which the Secretary of State's office sent the citation and petition was Front Row's most recent address on file with the Secretary of State. The Maree Parties assert that this failure means that the service of process on Front Row did not comply with section 5.253 of the Texas Business Organizations Code, under which "[t[he notice must be . . . addressed to the most recent address of [Front Row] on file with the secretary of state." Tex. Bus. Orgs. Code Ann 5.253(b) (West, Westlaw through 2017 1st C.S.). The Maree Parties cite no case stating that section 5.253 requires that either the citation or the certificate from the Secretary of State must show that the address to which the Secretary of State's office sent the citation and petition was the defendant's most recent address on file with the Secretary of State.

We review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id*. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id*. Under the unambiguous meaning of the statute's language, the Secretary of State's office had to send the citation and petition to Front Row's most recent address on file with the Secretary of State, but the statute does not require either the citation or the

9

certificate issued by the Secretary of State to show that the address to which the documents were sent was Front Row's most recent address on file with the Secretary of State. *See* Tex. Bus. Orgs. Code Ann 5.253. Thus, the Maree Parties' sole argument as to why service of process on Front Row was not proper lacks merit based on the statute's plain text.

In addition, absent fraud or mistake, the Secretary of State's certificate constitutes "conclusive evidence that the Secretary of State, as agent of [Front Row] received service of process for [Front Row] and forwarded the service as required by the statute." *Capital Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986); *MG Int'l Menswear, Inc. v. Robert Graham Designs, LLC*, No. 05-18-00517-CV, 2019 WL 642724, at *2 (Tex. App.—Dallas Feb. 15, 2019, no pet. h.) (mem. op.). The Maree Parties have not alleged or shown fraud or mistake.

The Maree Parties have not shown that the summary-judgment evidence raises a genuine fact issue that no proper service of process was effected on Front Row in the Zuniga Lawsuit.

### 2. *Service of Process on Maree*

On appeal, the Maree Parties try to show that service of process on Maree was not proper based on a statement about the clerk's record in the Zuniga Lawsuit and based on Maree's affidavit testimony.

The Maree Parties assert that "the record in the [Zuniga Lawsuit] reflects no return of service on file with respect to Maree." The Maree Parties submitted fourteen documents that purport to be copies of items from the clerk's record in the Zuniga Lawsuit. Yet, the Maree Parties did not purport to submit or prove all of the items from the clerk's record in the Zuniga Lawsuit, and no witness testified as to whether the record in the Zuniga Lawsuit contains a return of service as to Maree.

To authenticate a document, the proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Tex. R. Evid. 901(a); *Wilson v. Fleming*, 566 S.W.3d 410, 417 (Tex. App.—Houston [14th Dist.] 2018, no pet. h.). Some documents are self-authenticating, such as certified copies of public records or public documents that are sealed and signed. Tex. R. Evid. 902(2), (4); *Wilson*, 566 S.W.3d at 417. We presume for the sake of argument that the certificate from the Texas Secretary of State (the "Certificate") is sealed and signed and therefore self-authenticating. *See* Tex. R. Evid. 902(2), (4); *Wilson*, 566 S.W.3d at 417. We now address whether the documents that purport to be copies of items from the clerk's record in the Zuniga Lawsuit other than the Certificate (hereinafter the "Purported Court Documents") have been authenticated.

The Purported Court Documents are unofficial and uncertified, and the Maree Parties submitted no affidavit, testimony, or other evidence to authenticate any of these documents. The Purported Court Documents are not sealed and signed in accordance with Texas Rule of Evidence 902. *See* Tex. R. Evid. 902. The Purported Court Documents bear watermarks stating each document is an "Unofficial Copy." The Maree Parties did not offer any evidence to support a finding that any of the Purported Court Documents is "what the proponent claims it is." Tex. R. Evid. 901. The complete failure to authenticate the Purported Court Documents renders the proffered evidence incompetent.

In *In re Estate of Guerrero*, this court, sitting en banc, determined that under precedent from the Supreme Court of Texas and from this court, a document submitted as evidence in a summary-judgment or a motion-to-compel-arbitration context has a substantive defect and is incompetent if there was a complete failure to authenticate the document. *See* 465 S.W.3d 693, 705, 706–08 (Tex. App.—

11

Houston [14th Dist.] 2015, pet. denied) (en banc). Thus, the complete absence of authentication of the Purported Court Documents amounts to a substantive defect that is not waived by the failure to object and obtain a ruling in the trial court. *See id.* at 706–08. Under this court's precedent in *In re Estate of Guerrero*, these substantive defects make the Purported Court Documents incompetent to raise a genuine fact issue to prevent a summary judgment. *See id.* at 705, 706–08 (holding that a complete failure to authenticate a document is a defect of substance that makes the document "no competent evidence"); *HighMount Explor. & Prod., LLC v. Harrison Interests, Ltd.*, 503 S.W.3d 557, 567–68 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that a complete failure to authenticate certain documents rendered the documents incompetent to raise a fact issue preventing summary judgment). Therefore, the Purported Court Documents submitted by the Maree Parties in response to Zuniga's summary-judgment motion cannot raise a genuine fact issue. *See In re Estate of Guerrero*, 465 S.W.3d at 706–07; *Wilson*, 566 S.W.3d at 416–17; *HighMount Explor. & Prod.*, 503 S.W.3d at 567–68.

In support of their assertion that that the record in the Zuniga Lawsuit reflects no return of service on file as to Maree, the only part of the record that the Maree Parties cite is a footnote in their summary-judgment response in which they asked the trial court to take judicial notice of the papers filed in the Zuniga Lawsuit. The Maree Parties did not provide the trial court with copies of all of the documents from the clerk's record in the Zuniga Lawsuit, and we do not have those documents before us today.

We presume that a trial court took judicial notice of the items in the clerk's record in the same case, even if no party requested judicial notice and even if the record does not reflect that the trial court took judicial notice. *See Wilson*, 566 S.W.3d at 417. But, the law limits this rule to items in the clerk's record in the

same case. *See id.* The items in the clerk's record in the Zuniga Lawsuit are from a different case, so we do not presume that the trial court took judicial notice of these items. *See Wilson*, 566 S.W.3d at 417; *Morris v. O'Neal*, 464 S.W.3d 801, 808–09 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Though the Maree Parties requested that the trial court take judicial notice, they do not assert that the trial court granted this request, and the record does not reflect that the trial court took judicial notice. *See Wilson*, 566 S.W.3d at 417; *Morris*, 464 S.W.3d at 808–09; *Nat'l Cnty. Mut. Fire Ins. Co. v. Hood*, 693 S.W.2d 638, 638, 639 (Tex. App.—Houston [14th Dist.] 1985, no writ) (noting that nothing in the record indicated that the trial court had taken judicial notice of court records, some of which were from a different case before the same trial court). The Zuniga Parties did not get a ruling from the trial court, nor do they assert on appeal that the trial court erred by failing to take judicial notice. *See Lopez v. City Towing Assocs.*, 754 S.W.2d 254, 263 (Tex. App.—San Antonio 1988, writ denied).

The Maree Parties' request for judicial notice does not serve to authenticate the Purported Court Documents, nor does the request provide any summary-judgment evidence as to the contents of the clerk's record in the Zuniga Lawsuit. Thus, the Maree Parties did not submit summary-judgment evidence showing that no return of service was filed in the Zuniga Lawsuit with respect to Maree.

The Maree Parties also rely on Maree's affidavit testimony that other than receiving papers from the Zuniga Lawsuit addressed to Front Row in July 2013, "and prior to September 2014, no one ever handed to me personally, and I never received by mail, a copy of any papers in the [Zuniga Lawsuit]." Maree asserts that this evidence raises a fact issue that he was not served with process under either Texas Rule of Civil Procedure 106(a) or Rule 106(b). *See* Tex. R. Civ. P. 106. Under Rule 106(b), "[u]pon motion supported by affidavit stating the

location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b).

If the trial court authorized service of process on Maree under Rule 106(b), valid service of process properly could be effected on Maree without any one ever handing Maree the citation and petition and without Maree ever receiving the citation and petition by mail. *See Mixson v. Nelson*, No. 03-15-00287-CV, 2016 WL 4429936, at *3 (Tex. App.—Austin Aug. 19, 2016, no pet.) (mem. op.). Thus, Maree's affidavit testimony does not show that Maree was not properly served with process in the Zuniga Lawsuit.

The Maree Parties have not shown that the summary-judgment evidence raises a genuine fact issue that no proper service of process was effected on Maree in the Zuniga Lawsuit. Thus, we overrule the second issue.

**B. Did the trial court err in granting summary judgment because the summary-judgment evidence raises a genuine fact issue as to the third equitable-bill-of-review element?**

The Maree Parties also assert that they "did not receive notice of the trial or [the Underlying Judgment]." Therefore, the Maree Parties claim that (1) they need not prove the first two equitable-bill-of-review elements and (2) the law deems the Maree Parties to have conclusively established the third element. The Maree

14

Parties confuse the law applicable to a bill-of-review plaintiff in the no-service-of-process context and the law applicable in the no-notice-of-trial context. *See Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812–13 (Tex. 2012); *Grant v. Calligan*, No. 14-15-01084-CV, 2017 WL 455731, at *2–4 (Tex. App.—Houston [14th Dist.] Feb. 2, 2017, no pet.) (mem. op.). If an equitable-bill-of-review plaintiff carries the burden of proving that no process was served on the plaintiff,[4] the plaintiff need not prove the first two equitable-bill-of-review elements, and the law will deem the plaintiff to have conclusively established the third element. *See Mabon Ltd.*, 369 S.W.3d at 812–13; *Grant*, 2017 WL 455731, at *2–4.

If an equitable-bill-of-review plaintiff carries the burden of proving that the plaintiff did not receive proper notice of the trial setting, the result is the same for the first two equitable-bill-of-review elements, but different as to the third element. *See Mabon Ltd.*, 369 S.W.3d at 812–13; *Caldwell*, 154 S.W.3d at 97 & n.2; *Grant*, 2017 WL 455731, at *2–4. The plaintiff need not prove the first two equitable-bill-of-review elements, but the law does not deem the plaintiff to have conclusively established the third element. *See Mabon Ltd.*, 369 S.W.3d at 812–13; *Caldwell*, 154 S.W.3d at 97 & n.2; *Grant*, 2017 WL 455731, at *2–4. Instead, the plaintiff must show that the lack of proper notice of the trial setting was not because of plaintiff's negligence and that the plaintiff diligently pursued all available and adequate legal remedies, such as reinstatement or a new trial. *See Mabon Ltd.*, 369 S.W.3d at 812–13; *Caldwell*, 154 S.W.3d at 97 & n.2; *Grant*, 2017 WL 455731, at *2–4. Though diligence does not require a plaintiff to pursue a restricted appeal or to monitor the status of the case, the Supreme Court of Texas has stated that "it is hard to imagine any case in which failure to pursue [an available motion for new trial or motion to reinstate] would not be negligence." *Gold v. Gold*, 145 S.W.3d

---

[4] In this opinion, we have presumed that this no-service-of-process scenario includes when the plaintiff was not properly served with process.

212, 214 (Tex. 2004); *see Mabon Ltd.*, 369 S.W.3d at 813 (stating that equitable-bill-of-review plaintiff who did not have notice of the trial setting still had to show that the plaintiff diligently pursued all available legal remedies to challenge the judgment and that the lack of proper notice of the trial setting was not because of the plaintiff's negligence, but did not have to show that the plaintiff diligently monitored the case status).

If a plaintiff does not get knowledge or notice of a final judgment until more than ninety days after the rendition of judgment, then it is too late for the plaintiff to file a motion for new trial, and the plaintiff did not get notice within an adequate time to pursue that legal remedy. *See* Tex. R. Civ. P. 306a (allowing party that follows procedures in Rule 306a to timely file a motion for new trial within up to 120 days after the date of the final judgment if the party first obtained knowledge or notice of the judgment more than 20 days after the judgment but within 90 days after the judgment); Tex. R. Civ. P. 329b (party ordinarily must file motion for new trial within 30 days of the final judgment); *Mabon Ltd.*, 369 S.W.3d at 813; *Grant*, 2017 WL 455731, at *2–4; *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 296–97 (Tex. App.—Houston [14th Dist.] 2002, no pet.), *abrogated on other grounds by Glassman v. Goodfriend*, 347 S.W.3d 772 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc).

We presume, without deciding, that the Maree Parties did not receive proper notice of the trial setting. Because the Maree Parties have not shown that the summary-judgment evidence raises a genuine fact issue that no proper service of process was effected on them, even under this presumption, the Maree Parties were required to raise a genuine issue of fact that the lack of proper notice of the trial setting was not because of their negligence and that they diligently pursued all available and adequate legal remedies, such as a new trial. *See Mabon Ltd.*, 369

16

S.W.3d at 812–13; *Caldwell*, 154 S.W.3d at 97 & n.2; *Grant*, 2017 WL 455731, at *2–4. Yet, on appeal, the only arguments they advance to challenge the trial court's no-evidence ground as to the third element are (1) no proper service of process was effected on them and (2) they did not receive notice of the trial setting. The Maree Parties ask this court to reverse the trial court's judgment and remand for "trial on the merits solely on the issues of whether [the Maree Parties] were given notice of the trial setting or [the Underlying Judgment]." The Maree Parties do not argue that the summary-judgment evidence raises a genuine fact issue that the lack of proper notice of the trial setting was not due to their negligence and that they diligently pursued all available and adequate legal remedies, such as a new trial. Because the Maree Parties have not shown that the summary-judgment evidence raises a genuine fact issue that no proper service of process was effected on them, this failure alone means that the Maree Parties have not shown that the trial court erred in granting a no-evidence summary judgment as to the third element.

In any event, even if the Maree Parties had argued that the summary-judgment evidence raises a genuine fact issue that the lack of proper notice of the trial setting was not due to their negligence and that they diligently pursued all available and adequate legal remedies, we still would affirm the trial court's judgment because the summary-judgment evidence does not raise a genuine fact issue as to whether the Maree Parties diligently pursued all available and adequate legal remedies, such as a new trial. As discussed above, the Purported Court Documents are not competent summary-judgment evidence. The only other proffered proof that arguably might address the negligence element is Maree's affidavit. Maree testified that other than receiving papers from the Zuniga Lawsuit addressed to Front Row in July 2013, "and prior to September 2014, no one ever

handed to me personally, and I never received by mail, a copy of any papers in the [Zuniga Lawsuit]." In this statement, Maree does not say that he received papers in the Zuniga Lawsuit in September 2014, or later, and he does not say that he first obtained knowledge or notice of the Underlying Judgment in September 2014. Even if Maree had so testified, getting notice or knowledge of the Underlying Judgment for the first time in September 2014 would have allowed the Maree Parties an adequate time to pursue a motion for new trial. *See* Tex. R. Civ. P. 306a, 329b; *Mabon Ltd.*, 369 S.W.3d at 813; *Nguyen*, 93 S.W.3d at 296–97.

Maree also testified in the affidavit that "[b]efore being contacted at the Fountain View address to respond to Zuniga's post-judgment collection efforts, I never received notice of any hearings or notice that judgment had been entered in the [Zuniga Lawsuit]." No summary-judgment evidence addresses when Maree was contacted to respond to Zuniga's post-judgment collection efforts, and this event could have occurred at a time that would have allowed the Maree Parties an adequate opportunity to pursue a motion for new trial. *See* Tex. R. Civ. P. 306a, 329b; *Mabon Ltd.*, 369 S.W.3d at 813; *Nguyen*, 93 S.W.3d at 296–97. No summary-judgment evidence shows when either of the Maree Parties first obtained knowledge or notice of the Underlying Judgment. No summary-judgment evidence addresses whether the Maree Parties filed a motion for new trial or a direct appeal in the Zuniga Lawsuit, nor does any evidence show that the Maree Parties could not have done so because the time for doing so expired before they first learned of the Underlying Judgment.

The summary-judgment evidence does not raise a genuine fact issue that the Maree Parties diligently pursued all available and adequate legal remedies, such as a new trial. *See* Tex. R. Civ. P. 306a, 329b; *Mabon Ltd.*, 369 S.W.3d at 813; *Grant*, 2017 WL 455731, at *2–5; *Nguyen*, 93 S.W.3d at 296–97.

## III. CONCLUSION

On appeal, the Maree Parties do not assert that the summary-judgment evidence raises a genuine fact issue as to each of the equitable-bill-of-review elements. Instead, they rely on *Caldwell v. Barnes* and its progeny, and attempt to fit into the exception to the general rule requiring proof of these three elements. But, the Maree Parties have not shown that the summary-judgment evidence raises a genuine fact issue as to whether either of them fall within this exception.

The Maree Parties also rely on the exception that applies when an equitable-bill-of-review plaintiff carries the burden of proving that the plaintiff did not receive proper notice of the trial setting. Even under this exception, the trial court did not err in granting summary judgment unless the summary-judgment evidence raised a genuine fact issue that the Maree Parties diligently pursued all available and adequate legal remedies, such as a new trial. Yet, the Maree Parties have not argued that the summary-judgment raises such a fact issue, and the record reflects that the summary-judgment evidence does not do so. In sum, the Maree Parties have not shown that the trial court erred in granting summary-judgment based on the no-evidence ground that there is no evidence of an absence of fault or negligence on the part of either of the Maree Parties.[5] Therefore, we affirm the trial court's judgment.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain.

---

[5] We need not and do not address the other summary-judgment grounds or the first, third, and fourth issues.