

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00595-CV

Rudolph **RESENDEZ**, Jr.,
Appellant

v.

**STATE** of Texas, Greg Abbott, Jesus M. Peralta, William Stephens, Sylvia A. Cortez, David Baker, and Joe Penn
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 15-10-00236-CVK
Honorable H. Paul Canales, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
            Irene Rios, Justice
            Beth Watkins, Justice

Delivered and Filed: January 15, 2020

DISMISSED FOR WANT OF JURISDICTION

In this civil appeal, Rudolph Resendez, Jr. appeals two August 2, 2019 orders denying his motion for injunctive relief and motion for new trial. We dismiss this appeal for want of jurisdiction.

### PROCEDURAL BACKGROUND

Resendez is incarcerated at the Texas Department of Criminal Justice's John B. Connally Unit in Karnes County. On October 1, 2015, Resendez sued several defendants for allegedly violating his civil rights. On May 30, 2017, most of the defendants jointly filed a motion for

summary judgment under seal.[1] On June 23, 2017, the trial court heard the motion. According to Resendez, at the June 23, 2017 hearing, the trial court ruled the summary judgment motion would be granted.

On September 14, 2017, the trial court signed an order granting the summary judgment motion. The summary judgment order dismissed Resendez's causes of action with prejudice and states, "This is a final judgment and disposes of all issues and parties in this case." Although the trial court signed the summary judgment order on September 14, 2017, the order was not filed with the trial court clerk for over one year.

On October 10, 2017, Resendez filed a notice of appeal in this court, stating he desired to appeal a summary judgment order the trial court rendered at a June 23, 2017 hearing. The appeal was docketed in this court as cause number 04-17-00648-CV.

On November 28, 2017, the clerk's record was filed in cause number 04-17-00648-CV. Because the September 14, 2017 summary judgment order had not yet been filed with the trial court clerk, this court issued a show cause order, stating it appeared we lacked jurisdiction because the trial court had not signed a final judgment. Resendez filed a response stating we should consider the trial court's ruling at the June 23, 2017 summary judgment hearing to be the final, appealable judgment. On January 24, 2018, this court dismissed Resendez's appeal. Resendez filed a petition for review, which the Supreme Court of Texas denied.

On September 17, 2018, the summary judgment order was filed with the trial court clerk.

On October 1, 2018, Resendez filed a motion arguing he was entitled to a new trial because the trial court signed the final summary judgment order on September 14, 2017, but did not file the signed summary judgment order. On February 25, 2019, Resendez filed a motion for injunction

---

[1] Greg Abbott was not listed as a party in the summary judgment motion.

in the underlying case, seeking his release from prison. The trial court denied both motions on August 2, 2019, with written orders.

On September 3, 2019, Resendez filed the current notice of appeal, stating he desired to appeal the two August 2, 2019 orders. The clerk's record was filed, but did not contain any filings in the case before January 2019. On September 18, 2019, we issued a show cause order, again notifying Resendez that this court lacks jurisdiction over this appeal because there was no signed final judgment. Resendez filed a response, submitting a copy of the trial court's September 14, 2017 final summary judgment order.

On October 7, 2019, we ordered the trial court clerk to file a supplemental clerk's record containing all items required to be contained in the clerk's record. A supplemental clerk's record was filed, but did not contain the trial court's September 14, 2017 final summary judgment order. On October 21, 2019, the trial court clerk filed a second supplemental clerk's record containing the trial court's September 14, 2017 final summary judgment order. The final summary judgment order contained in the certified clerk's record shows the final summary judgment order was indeed signed on September 14, 2017, but not filed until over a year later on September 17, 2018.

### ANALYSIS

The one-year delay in filing the final summary judgment order in the underlying case prevented this court from properly determining whether it had jurisdiction over Resendez's first appeal. *See Resendez v. State*, No. 04-17-00648-CV, 2018 WL 521713, at *1 (Tex. App.—San Antonio Jan. 24, 2018, pet. denied) (mem. op.). Because the signed final summary judgment order was not timely made part of the clerk's record, this court concluded Resendez's "notice of appeal was prematurely filed, and we lack jurisdiction over this appeal." *Id.*

Moreover, because the trial court signed the final summary judgment order on September 14, 2017, the trial court lost plenary power over the case in 2017. *See* TEX. R. CIV. P. 329b(d).

Consequently, any subsequent judicial action relating to the merits of this case, taken after the court's plenary power expired, was a nullity and not an appealable final judgment. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

The one-year delay in filing the final summary judgment order deprived Resendez of his right of appeal. The one-year delay also caused Resendez to unknowingly pursue relief in the trial court after the trial court's plenary power had expired. Nevertheless, when we lack jurisdiction over a civil appeal, we cannot suspend the rules to confer jurisdiction where we otherwise have none. *See* TEX. R. APP. P. 2.

Nevertheless, we note Resendez is not without a remedy. "A bill of review is an independent, equitable proceeding brought by a party to a prior action seeking to set aside a judgment in that action that is no longer subject to challenge by a motion for new trial or a direct appeal." *Maree v. Zuniga*, 577 S.W.3d 595, 600 (Tex. App.—Houston [14th Dist.] 2019, no pet.). "Ordinarily, to be entitled to relief in an equitable-bill-of-review proceeding, the plaintiff must plead and prove that the plaintiff has (1) a meritorious claim or defense, (2) which the plaintiff was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the plaintiff's part." *Id.*

Because we lack jurisdiction over this appeal, we must dismiss this appeal for want of jurisdiction. In the interest of justice, we award Resendez the costs he incurred related to this appeal. *See* TEX. R. APP. P. 43.4 ("The court of appeals may tax costs . . . for good cause.").

PER CURIAM