**Affirmed and Majority and Concurring Opinions filed December 29, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00388-CV

## DUSTON BROWN, INDIVIDUALLY; AND NATALIE BROWN, INDIVIDUALLY AND AS NEXT FRIEND OF ADLEY BROWN AND ILY BROWN, Appellants

## V.

## TARBERT, LLC; STARWOOD WAYPOINT TRS, LLC; BRANDON ROBERTS; AND CHASE FERRELL, Appellees

### On Appeal from the 157th Judicial District Court
### Harris County, Texas
### Trial Court Cause No. 2016-81429

## CONCURRING OPINION

I respectfully join the court's judgment but not its opinion.

Appellants/plaintiffs Duston Brown, Natalie Brown, individually, Natalie Brown as mother[1] of Adley Brown, and Natalie Brown as mother of Ily Brown

---

[1] This opinion uses the designation of the appellants/plaintiffs from their live pleading. By suing as "mother" of her two children, Natalie Brown apparently was suing as their next friend.

(collectively the "Brown Parties") appeal a final summary judgment in favor of appellees/defendants Tarbert, LLC, Starwood Waypoint TRS, LLC, Brandon Roberts, and Chase Ferrell (collectively the "Tarbert Parties"). In their first appellate issue, the Brown Parties assert that the trial court abused its discretion in excluding three documents (a lease, a mold report, and a letter) from the summary-judgment evidence. In their second issue, the Brown Parties assert that the trial court erred in rendering summary judgment on (1) claims for violation of the Texas Deceptive Trade Practices Act that the Tarbert Parties did not challenge in their summary-judgment motion, (2) claims not requiring expert proof of causation, and (3) claims for which the summary-judgment evidence raises a genuine fact issue as to each element challenged.

**A.      The trial court did not abuse its discretion in excluding the mold report and the letter, and the trial court did not exclude the lease.**

The record reflects that though the trial court sustained the Tarbert Parties' objections to the mold report and the letter from Dr. Browne, they did not object to the lease, and the trial court did not exclude that document. Thus, as a factual matter, the trial court could not have erred in excluding the lease.

The trial court sustained the Tarbert Parties' objection to the document entitled "Verification" that Natalie Brown signed before a notary (the "Verification"), and the trial court struck that document. On appeal, the Brown Parties have not assigned error as to this ruling, nor have they presented any argument that the trial court abused its discretion in sustaining the Tarbert Parties' objection to the document. Thus, the Verification is not part of the summary-judgment evidence. The analysis should end there.

After concluding that the trial court struck the Verification, the majority addresses whether the Verification would have sufficed to authenticate the Brown

2

Parties' summary-judgment evidence if the trial court had not stricken it.[2] The court need not consider or analyze the sufficiency of the Verification to dispose of this appeal. In the language of the law, the majority's statements as to the sufficiency of the Verification amount to obiter dicta, by-the-way remarks better left unsaid.

**B.     None of the Brown Parties' summary-judgment evidence is competent due to a complete failure to authenticate.**

On appeal, the Tarbert Parties rely on this court's en banc opinion in *In re Estate of Guerrero* and assert that there is no summary-judgment evidence because of a complete failure to authenticate the summary-judgment evidence.[3] To authenticate a document, the proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is."[4] Some documents are self-authenticating, such as certified copies of public records or public documents that are sealed and signed.[5] None of the exhibits attached to either of the Brown Parties' summary-judgment responses (collectively the "Brown Parties' Evidence") is self-authenticating, and the summary-judgment evidence contains no affidavit, testimony, or other evidence to authenticate any of these documents. The Brown Parties submitted a Declaration of Natalie Brown in which she verified the first response by declaring that the statements made in that response are true and correct. Nonetheless, a verified summary-judgment response is incompetent to serve as summary-judgment evidence.[6] And, no attempt was

---

[2] *See ante* at 5, n.7.

[3] *See* 465 S.W.3d 693, 705, 706–08 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc).

[4] Tex. R. Evid. 901(a); *Maree v. Zuniga*, 577 S.W.3d 595, 603 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

[5] *See* Tex. R. Evid. 902(2), (4).

[6] *See Hudson v. Senior Living Properties, LLC*, No. 14-13-01145-CV, 2015 WL 3751634, at *3

3

made in either summary-judgment response to authenticate any of the Brown Parties' Evidence. Without the untimely and stricken Verification, no summary-judgment evidence supports a finding that any of the Brown Parties' Evidence is "what the proponent claims it is."[7] The complete failure to authenticate the exhibits renders the evidence incompetent and amounts to a substantive defect that is not waived by the failure to preserve error in the trial court.[8] These substantive defects make the Brown Parties' Evidence incompetent to raise a genuine fact issue to prevent rendition of a summary judgment based on the Tarbert Parties' "Amended Traditional and No-Evidence Motion for Summary Judgment" (the "Amended Motion").[9]

## C.   In reviewing the trial court's summary judgment based on no-evidence grounds, this court must ignore the evidence attached to the Amended Motion.

In the Amended Motion, the Tarbert Parties sought both a traditional summary judgment and a no-evidence summary judgment, and they attached to the Amended Motion the petition, an answer, and some deposition excerpts. In reviewing the propriety of summary judgment on no-evidence grounds, this court must ignore evidence attached to a hybrid traditional/no-evidence motion for summary judgment unless the non-movant pointed the trial court to that evidence in response to the movant's no-evidence motion.[10] In their summary-judgment

---

(Tex. App.—Houston [14th Dist.] June 16, 2015, no pet.) (mem. op.).

[7] Tex. R. Evid. 901.

[8] *See In re Estate of Guerrero*, 465 S.W.3d at 705, 706–08.

[9] *See id.* (holding that a complete failure to authenticate a document is a defect of substance that makes the document "no competent evidence"); *HighMount Explor. & Prod., LLC v. Harrison Interests, Ltd.*, 503 S.W.3d 557, 567–68 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that a complete failure to authenticate certain documents rendered the documents incompetent to raise a fact issue preventing summary judgment).

[10] *See Stettner v. Lewis & Maese Auction, LLC*, —S.W.3d—, —, 2020 WL 5796493, at *4 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

responses, the Brown Parties did not point to the evidence attached to the Amended Motion. So, this court must disregard that evidence.[11]

**D.    The Brown Parties have not shown that the trial court erred in granting a no-evidence summary judgment.**

In the Amended Motion, the Tarbert Parties asserted no-evidence summary-judgment grounds challenging one or more essential elements of each of the Brown Parties' claims. The burden thus shifted to the Brown Parties to produce competent summary-judgment evidence raising a genuine fact issue on each element challenged.[12] Yet, none of the Brown Parties' Evidence is competent.[13] Because the Brown Parties submitted no competent summary-judgment evidence in response to the Amended Motion, the Brown Parties failed to show that they raised a genuine fact issue on any of the no-evidence grounds, and this court may affirm the trial court's judgment based on the no-evidence grounds, without addressing the traditional grounds.[14]

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant (Spain, J. majority).

---

[11] *See id.*

[12] *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (per curiam).

[13] *See* Tex. R. Evid. 902(2), (4); *In re Estate of Guerrero*, 465 S.W.3d at 705, 706–08; *HighMount Explor. & Prod.*, 503 S.W.3d at 567–68.

[14] *See Modelist v. Deutsche Bank Nat. Trust Co.*, No. 14-10-00249-CV, 2011 WL 3717010, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2011, no pet.) (mem. op.); *Lee v. Palacios,* No. 14–06–00428–CV, 2007 WL 2990277, at *1–3 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, pet. denied) (mem. op.).