**AFFIRMED and Opinion Filed August 26, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00139-CV

**ROCKY JAY TABB, JR. AND TYFFANY L. MULLEN, Appellants**

**V.**

**CINCERO PROPERTIES LLC, Cincero Properties**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-07385-D**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Molberg

In this forcible detainer action, after a de novo[1] bench trial, the trial court

awarded Cincero Properties LLC possession of the property in question and ordered

defendants and pro se appellants Rocky Jay Tabb, Jr.[2] and Tyffany L. Mullen to pay

---

[1] *See* TEX. R. CIV. P. 506.3.

[2] On appeal, all parties identify appellant Tabb as "Rocky J. Tabb, Sr." We, in contrast, identify him as "Rocky Jay Tabb, Jr.," as he is identified in the trial court's judgment. When the matter was tried de novo in the trial court, Tabb appeared, fully participated in the case, and raised no issue regarding misnomer, thereby waiving any misnomer issue on appeal. *See* TEX. R. APP. P. 33.1(a) (preservation of appellate complaints generally); *Quick Change Artist, LLC v. Accessories*, No. 05-14-01562-CV, 2017 WL 563340, at *2 (Tex. App.—Dallas Feb. 13, 2017, no. pet.) (mem. op.), *abrogated on other grounds*, *Nath v. Texas Children's Hosp.*, 576 S.W.3d 707, 709 (Tex. 2019).

Cincero Properties $15,728 in overdue rents and late fees and $428 in court costs. Tabb and Mullen appeal. For the reasons below, we affirm the judgment.

## I. BACKGROUND

Cincero Properties initiated forcible detainer proceedings against Tabb and Mullen on November 22, 2022. The petition alleged Tabb and Mullen were served with notice to vacate on November 8, 2022, by affixing the notice to the inside of the main entry door, by mail, and by certified mail. Citation was issued for each appellant, and Tabb and Mullen were both served.

The justice court heard the matter on December 8, 2022, eleven days after Tabb and Mullen were served. Tabb and Mullen did not appear. The justice court entered a default judgment against them and in favor of Cincero Properties.

Four days later, Tabb and Mullen appealed to the county court at law and filed sworn statements of inability to pay court costs on appeal. Cincero Properties did not contest the pauper's affidavits.

The county court at law conducted a de novo bench trial on February 10, 2023, in remote proceedings by Zoom. Mullen did not appear. Two witnesses testified—Tabb and Jody Wall, an agent for Cincero Properties, and the same agent that had signed the eviction petition.

Wall testified about the history of the parties' eviction proceedings leading up to the current trial. She testified she first provided a three-day notice to vacate on July 12, 2022, by mailing it and posting it to Tabb and Mullen's front door. And

–2–

though she did not identify the year, Wall testified that, "Then, again on November 9, I gave them 10 days' notice to vacate" and that Tabb and Mullen "are still there [and] did not vacate." Wall testified the lease expired January 31, 2023, and rent was $1,600 per month. She also testified Tabb and Mullen had not paid rent since June of 2022. In addition to attorneys' fees from a prior proceeding and court costs, Wall testified she was asking for an award of $15,728.

Tabb testified he and Mullen were not out of the property and disputed certain portions of Wall's testimony, including by testifying that Wall never placed any letter on their door and never sent any letter in the mail and by testifying the lease did not expire until February 15, 2023. Tabb also testified about other difficulties he perceived about the payment methods required and provided somewhat inconsistent testimony regarding payment attempts, stating in part of his testimony that he and Mullen had been paying rent to the county clerk but later testifying that he had been trying to pay Wall and that she had been avoiding him.

After Wall and Tabb testified, the trial judge indicated she would take the matter under advisement and would issue an order based on the testimony "and everything that was presented in the form of exhibits." While no formal offer or admission of exhibits is contained in the record before us, the reporter's record from the February 10, 2023 bench trial contains eleven exhibits, all marked as exhibits for the plaintiff, Cincero Properties. These exhibits include, among other things, (1) a lease agreement with a term beginning February 15, 2022, and ending at 4:00 p.m.

–3–

local time on January 31, 2023, and with an agreed rental amount of $1,600 per month; (2) a ten-day notice to vacate dated November 9, 2022, and addressed to Tabb and Mullen at the premises in question, which was located in Cedar Hill, Texas in zip code 75104; and (3) a United States Postal Service (USPS) tracking sheet confirming delivery on November 10, 2022, in Cedar Hill, Texas in zip code 75104.

On February 10, 2023, the trial court signed a judgment awarding Cincero Properties LLC possession of the property in question and ordering Tabb and Mullen to pay Cincero Properties $15,728 in overdue rents and late fees and $428 in court costs.

## II. ISSUES AND ANALYSIS

Tabb and Mullen ask us to reverse the judgment and raise five issues on appeal.[3]

### A.     Appendix to Tabb and Mullen's Appellate Brief

Before discussing Tabb and Mullen's five issues, we first discuss the appendix attached to their appellate brief, which contains items described as "Appellant's

---

[3] These five questions are:

1. Did [Cincero Properties] obtain a writ of possession lawfully?

2. Did the trial court have factually sufficient evidence to rule in favor of [Cincero Properties]?

3. Did [Cincero Properties] submit false evidence to the court?

4. Did the trial court err in excluding critical evidence?

5. Did the trial judge abuse [its] discretion[] when reviewing the evidence before making the judgment?

Exhibits" (marked as AP01 to AP15), "JP Clerk Record" (marked as CR01 to CR06), and "Reporter Record" (marked as RR01 to RR08).

Cincero Properties argues we may not consider the items marked as AP01 to AP15 because such items are not in the appellate record. We agree. *See Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, thus, the documents cannot be considered."); *see also Lua v. Cap. Plus Fin., LLC*, 646 S.W.3d 622, 628 (Tex. App.—Dallas 2022, pet. denied) ("[W]e cannot consider attachments not included in the appellate record."). Thus, we have not considered the information Tabb and Mullen included in their appendix and marked as AP01 to AP15 in deciding this appeal.[4]

### B.    General Review Standards Regarding Pro Se Briefs

As indicated above, Tabb and Mullen are appearing pro se. Although we construe pro se briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 693 (Tex. App.—Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *In re N.E.B.*, 251 S.W.3d

---

[4] We note, however, that the item marked as AP10 and a portion of the item marked as AP11 appears to duplicate other information that is in the record before us. AP10 is a copy of Tabb's notice of appeal, and AP11 contains, in part, the trial court's February 10, 2023 judgment.

211, 212 (Tex. App.—Dallas 2008, no pet.). Generally, we require only substantial compliance with briefing rules, *see* TEX. R. APP. P. 38.9, but "if an appellant's issues are unsupported by clear and concise legal argument with appropriate citations to authorities, the appellant waives error." *Burton v. Prince*, 577 S.W.3d 280, 292 (Tex. App.—Houston [14th Dist.] Mar. 7, 2019, no pet.) (citations omitted). "A party must not only cite relevant authority and the record but must also provide substantive legal analysis." *Id*. (citation omitted).

## C.     Two Central Issues in Tabb and Mullen's Brief

Here, Tabb and Mullen's entire analysis consists of five arguments, each responding to one of the questions posed in their list of issues presented.[5] As

---

[5] The argument section of Tabb and Mullen's brief states, in its entirety (emphasis in original, though for clarity, we added numbers to each question):

**[1.] Did [Cincero Properties] obtain a writ of possession lawfully?**

No, the three-day notice to vacate served on November 8, 2022, was taped outside on the main entry door. There is a mailbox outside the residence. There was no reason why [Cincero Properties] could not serve the notice to the inside of the main entry door or to either [Tabb or Mullen]. [TEX. PROP. CODE § 24.005(f-1), (f-2)]. [Cincero Properties] was issued a petition for a forcible [sic] using false information on a sworn statement.

**[2.] Did the trial court have factually sufficient evidence to rule in favor of [Cincero Properties]?**

The clerk's record from the trial was filed to County Court of Law #4 on November 29, 2022, obtains [sic] the evidence as to when the notice to vacate was served and how. The petition shows that [Cincero Properties] signed a sworn statement recognizing November 8, 2022, as the day the notice was given to [Tabb and Mullen]. A representative of Cincero Properties LLC, Jody Wall sent an email to both appellants with a three-day notice to vacate dated November 8, 2022. Also attached to the email are pictures of the three-day notice on the outside of the main entry door.

**[3.] Did the Appellee submit false evidence to the court?**

Yes, Cincero Properties LLC submitted false proof to the court. The ten-day notice to vacate was included in [Cincero Properties's] trial evidence showing a date of November

reflected herein, in their fourth argument, they argue the trial court "excluded critical evidence," while all other paragraphs concern the notice to vacate.

Construing their brief liberally, as we must, we interpret Tabb and Mullen's brief as raising two central issues to decide: (1) whether the trial court improperly excluded evidence, and (2) whether legally and factually sufficient evidence exists to support the trial court's implicit finding that, as required by Texas Property Code § 24.005(a),[6] Tabb and Mullen were properly served with a notice to vacate before Cincero Properties filed suit.[7]

---

9, 2022, for unpaid rent in the amount of $8,000.00 plus attorney fees and court cost. [Cincero Properties] also withheld crucial evidence of the notice to vacate being served in the matter it was. Only the original petition was not entered with [Cincero Properties'] exhibits to intentionally deceive the court. [Tabb and Mullen have] an email with pictures attached showing the main entry of the door and the manner the notice was strapped.

**[4.] Did the trial court err in excluding critical evidence?**

In the trial de novo, the original clerk's record should've been considered. It was the petition filed on November 22, 2022, that is a sworn receipt that [Cincero Properties] stat[ed] notice to vacate was served on November 8, 2022, not the 9th.

**[5.] Did the trial judge abuse [her] discretion[] when reviewing the evidence before making the judgment?**

[The trial judge] abused [her] discretion by not reviewing all the evidence being held by the court to make a final judgment. Once reviewed the clerk's record showing all original documents, [the judge] would've been able to view the illegality of this forcible detainer.

[6] *See* TEX. PROP. CODE § 24.005(a) (stating, in part, "(a) If the occupant is a tenant under a written lease or oral rental agreement, the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement.").

[7] While Tabb and Mullen's second argument only questions whether "factually sufficient" evidence exists regarding the notice to vacate, in light of their arguments as a whole, which we liberally construe, we interpret Tabb and Mullen's arguments as raising issues regarding both legal and factual sufficiency of the evidence regarding the notice to vacate.

**D.    Alleged Exclusion of Evidence**

We first consider whether the trial court improperly excluded evidence.  As reflected herein, their argument regarding the alleged exclusion of evidence is based solely on the premise that the trial court should have considered Cincero Properties' November 22, 2022 petition but did not do so.  We overrule this issue for two reasons.

First, we presume a trial court took judicial notice of the items in the clerk's record in the same case, even if no party requested judicial notice and even if the record does not reflect that the trial court took judicial notice.  *Maree v. Zuniga*, 577 S.W.3d 595, 604 (Tex. App.—Houston [14th Dist.] 2019, no pet.).  Because Cincero Properties' November 22, 2022 petition is in the clerk's record in this case, we presume the trial court took judicial notice of it.  *See id*.; *see also* TEX. R. CIV. P. 510.10.[8]

---

[8] Rule of civil procedure 510 "applies to a lawsuit to recover possession of real property under Chapter 24 of the Texas Property Code."  TEX. R. CIV. P. 510.1.  Rule 510.10 states:

> (a) Preparation and Transmission of Record. Unless otherwise provided by law or these rules, when an appeal [from justice court] has been perfected, the judge must stay all further proceedings on the judgment and must immediately send to the clerk of the county court a certified copy of all docket entries, a certified copy of the bill of costs, and the original papers in the case together with any money in the court registry, including sums tendered pursuant to Rule 510.9(c)(5)(B).

> (b) Docketing; Notice. The county clerk must docket the case and must immediately notify the parties of the date of receipt of the transcript and the docket number of the case. The notice must advise the defendant that it must file a written answer in the county court within 8 days if one was not filed in the justice court.

> (c) Trial De Novo. The case must be tried de novo in the county court. A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial. The trial, as well as any hearings and motions, is entitled to precedence in the county court.

Second, to preserve error in the admission or exclusion of evidence, a party must timely and specifically object and obtain a ruling. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a); *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) (per curiam). Tabb and Mullen did not do so here.

**E.    Sufficiency of the Evidence on Pre-Suit Notice to Vacate**

Next, we consider whether legally and factually sufficient evidence exists to support the trial court's implicit finding that Tabb and Mullen were properly served with a notice to vacate before Cincero Properties filed suit, as required by Texas Property Code § 24.005(a). *See* TEX. PROP. CODE § 24.005(a).

When, as in this case, findings of fact and conclusions of law were not requested or issued after a bench trial, all findings necessary to support the judgment are implied. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). If a reporter's record is filed, as in this case, the implied findings are not conclusive and may be challenged for legal and factual sufficiency in the same manner as express findings by a judge or jury. *See id.*; *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

When considering legal sufficiency, we credit evidence that supports the verdict if a reasonable factfinder could have done so and disregard contrary evidence unless a reasonable factfinder could not have done so. *Bradberry*, 526 S.W.3d 471, 480. When an appellant challenges the legal sufficiency of an adverse finding on which she did not have the burden of proof at trial, she must demonstrate that there

is no evidence to support the adverse finding. *Sheetz v. Slaughter*, 503 S.W.3d 495, 502 (Tex. App.—Dallas 2016, no pet.). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *Id*.

In a factual sufficiency review, we consider and weigh all the evidence, both supporting and contradicting the finding. *R.J. Suarez Enters. Inc. v. PNYX L.P.*, 380 S.W.3d 238, 245 (Tex. App.—Dallas 2012, no pet.). When a party attacks the factual sufficiency of the evidence pertaining to a finding on which she did not have the burden of proof, we may set aside the finding only if, after considering all the evidence, it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Tex. Champps Americana, Inc. v. Comerica Bank*, 643 S.W.3d 738, 744 (Tex. App.—Dallas 2022, pet. denied). Under either standard, the factfinder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *N. E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 255 n.50 (Tex. 2020).

As we explain below, after applying these standards to the record before us, we conclude legally and factually sufficient evidence exists to support the trial court's implicit finding that Tabb and Mullen were properly served with a notice to vacate before Cincero Properties filed suit, as required by Texas Property Code § 24.005(a). *See* TEX. PROP. CODE § 24.005(a).

As to legal sufficiency, Tabb and Mullen's challenge fails because the November 9, 2022 ten-day notice to vacate and the USPS tracking sheet confirming

–10–

delivery on November 10, 2022, together constitute more than a scintilla of evidence that, as required by Texas Property Code § 24.005(a), *see* TEX. PROP. CODE § 24.005(a), Cincero Properties properly served Tabb and Mullen with a notice to vacate before filing this forcible detainer suit on November 22, 2022. *See Sheetz*, 503 S.W.3d at 502 (legal sufficiency standards); *see also* TEX. PROP. CODE § 24.005(f) (allowing service by mail).[9]

As to factual sufficiency, Tabb and Mullen's challenge fails because, considering all of the evidence, the implied finding that Cincero Properties properly served Tabb and Mullen with a notice to vacate before filing this forcible detainer suit, as required by Texas Property Code § 24.005(a), is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176 (factual sufficiency standards); *Tex. Champps Americana, Inc.*, 643 S.W.3d at 744. As the factfinder, the trial court was the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Riou*, 598 S.W.3d at 255 n.50. Although Tabb denied that Cincero Properties served a notice to vacate before filing this suit, and Wall told the trial court she placed the November 9, 2022 notice on the outside of Tabb and Mullen's door, this contrary evidence does

---

[9] Section 24.005(f) provides, in part, that, except as provided by Subsection (f-1), which does not apply here, "the notice to vacate shall be given in person *or by mail at the premises in question*[,]" and the "[n]otice by mail *may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question*." TEX. PROP. CODE § 24.005(f) (emphasis added).

not so far outweigh the trial court's implied finding as to make the trial court's implied finding clearly wrong and unjust.

## III. Conclusion

We overrule Tabb and Mullen's issues and affirm the trial court's judgment.



/Ken Molberg/
KEN MOLBERG
230139F.P05                                    JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROCKY JAY TABB, JR. AND
TYFFANY L. MULLEN, Appellants

No. 05-23-00139-CV     V.

CINCERO PROPERTIES LLC,
Appellee

On Appeal from the County Court at
Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-22-07385-D.
Opinion delivered by Justice Molberg.
Justices Pedersen, III and Goldstein
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 26, 2024.