**Johnny Odell SIMMONS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–219CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 23, 1983.

Discretionary Review Refused Dec. 7, 1983.

Charles F. Baird, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS, J.

## OPINION

ELLIS, Justice.

Appellant was convicted of sexual abuse, and punishment, enhanced by two prior felony convictions, was assessed by the jury at life imprisonment.

Appellant contends, in three grounds of error, the trial court committed fundamental error by charging the jury to convict appellant for conduct different from that alleged in the indictment.

Appellant was indicted, in pertinent part, as follows:

[D]id then and there unlawfully with intent to arouse the sexual desire of the Defendant and by force and threats to and without the consent of Daphne Khan ... have deviate sexual intercourse with the Complainant *by placing his penis in the mouth of Complainant.* (Emphasis added.)

TEX.PENAL CODE ANN. § 21.01 (Vernon 1982–1983) defines "deviate sexual intercourse" as:

(A) any contact between any part of the genitals of one person and the mouth or anus of another person; ...

In applying the law to the facts of the case, the court charged the jury, as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of October, 1981, in Harris County, Texas, the defendant, JOHNNY ODELL SIMMONS, did then and there, with intent to arouse or gratify his sexual desire, without the consent of DAPHNE KHAN, engage in deviate sexual intercourse with DAPHNE KHAN by intentionally or knowingly compelling DAPHNE KHAN, by force or threats directed to DAPHNE KHAN, of such degree and nature described in Paragraph II herein, *to place her mouth in contact with the male organ of the defendant,* and that the said DAPHNE KHAN was not then and there the spouse of the defendant, then you will find the defendant guilty of sexual abuse. (Emphasis added.)

Appellant argues that the recital in the jury charge, that he committed deviate sexual intercourse by compelling Complainant to "place her mouth in contact with" his penis is materially different from the allegation in the indictment, that he "placed his penis in the mouth of Complainant," and therefore, fundamentally defective. We disagree.

The court, in *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), discussed the various types of fundamental error found in the court's charge: (1) if there was an omission from the charge of an allegation in the indictment which is required to be proved; (2) when the charge substitutes a theory of the offense completely different from the theory alleged in the indictment; (3) when the charge authorizes conviction on the theory alleged in the indictment and one or more other theories not alleged in the indictment; (4) when the

charge authorizes conviction for conduct which is not an offense, as well as for conduct which is an offense. Appellant's complaint does not fall within any such category mentioned. While the language in the jury charge in the instant case does not match the exact language of the indictment, we find no material difference between the two, so as to constitute fundamental error which was calculated to injure the rights of the appellant to the extent he has not had a fair trial. *Boles v. State,* 598 S.W.2d 274 (Tex.Cr.App.1980); *Williams v. State,* 547 S.W.2d 18 (Tex.Cr.App.1977).

The judgment of the trial court is affirmed.