# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2023

Lyle W. Cayce
Clerk

No. 21-20418

Bishara Dental, P.L.L.C.,

*Plaintiff—Appellant*,

*versus*

Morris, Lendais, Hollrah & Snowden P.L.L.C.,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3079

---

Before Jones, Willett, and Douglas, *Circuit Judges*.

Per Curiam:*

Bishara Dental, P.L.L.C. ("Bishara") sued the law firm Morris, Lendais, Hollrah & Snowden in state court on state and federal causes of action. Morris Lendais removed, and the district court dismissed all of Bishara's claims. On appeal, Bishara argues only that the district court erred by dismissing its claim under the Texas Deceptive Trade Practices Act. Because Bishara is not a "consumer" under that Act, we AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-20418

I

This case arises from Morris Lendais's efforts to collect a debt that it claims Bishara owes to Outfront Media LLC (a non-party).[1]

In 2014, an individual named Helen Bishara signed a contract under which Outfront agreed to provide a billboard advertisement for an entity that the contract identified as "Bishara Dental." Outfront later sued Bishara Dental, P.L.L.C. (that is, "Bishara," the appellant here) in Arizona state court. Outfront alleged that Bishara had agreed to the advertising contract but had breached it by failing to pay for some of Outfront's services. Outfront won a default judgment against Bishara, and it filed suit to domesticate that judgment in Harris County, Texas (the "Domestication Suit"). Morris Lendais later appeared as counsel for Outfront in the Domestication Suit. That suit appears to be ongoing.

As part of the Domestication Suit, Bishara informed Morris Lendais that Bishara is "not the correct party," was "never a party to the contract," "disputes the validity of the debt," and "maintains that the debt is not [Bishara]'s debt." Bishara also alleges that Morris Lendais "had knowledge that they were pursing the wrong party for a debt." Bishara's "mistaken identity" argument appears to turn on the fact that the advertising contract names "Bishara Dental," whereas the Arizona judgment names "Bishara Dental, PLLC." Unconvinced, Morris Lendais continued its collection

---

[1] In this appeal from a motion to dismiss, "we assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020). Although Outfront was previously known as "CBS Outdoors," we use the more recent name for clarity.

efforts by, among other things, representing Outfront in the Domestication Suit.

Bishara then filed suit in Texas state court, alleging that Morris Lendais's collection efforts violated the federal Fair Debt Collection Practices Act ("FDCPA"), the Texas Deceptive Trade Practices Act ("DTPA"), and several other state laws. Morris Lendais removed to federal court, based on federal-question jurisdiction, and it moved to dismiss for failure to state a claim. The district court dismissed all of Bishara's claims with prejudice. Bishara appealed—but only as to the DTPA claim.

## II

The district court had federal-question jurisdiction over Bishara's FDCPA claim under 28 U.S.C. §§ 1331 and 1441, and it had supplemental jurisdiction over Bishara's state-law claims under 28 U.S.C. § 1367. Although Bishara appeals from the dismissal of its state-law DTPA claim, and not its federal-law FDCPA claim, our appellate jurisdiction is nonetheless secure under 28 U.S.C. § 1291. *See, e.g.*, *GlobeRanger Corp. v. Software AG U.S., Inc.*, 836 F.3d 477, 491 (5th Cir. 2016) (exercising appellate jurisdiction over "the merits" of the case even though the only remaining questions arose under state instead of federal law).

We review the district court's Rule 12(b)(6) dismissal de novo, assuming that the complaint's factual allegations are true, and viewing them in the light most favorable to the plaintiff. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). We may affirm dismissal on any ground that the record supports. *See Walmart Inc. v. DOJ*, 21 F.4th 300, 307 (5th Cir. 2021).

## III

The DTPA creates a cause of action for a "consumer," which means "an individual, partnership, [or] corporation . . . who seeks or acquires by

purchase or lease, any goods or services." Tex. Bus. & Com. Code §§ 17.45(a), 17.50. "To be a consumer, [1] the claimant must have sought or acquired goods or services by purchase or lease, and [2] those goods or services must form the basis of the complaint." *Burton v. Prince*, 577 S.W.3d 280, 291 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 14 (Tex. 1987) (similar).

Bishara alleges that it is a "consumer" because "it is a business that, among other things, seeks to acquire goods and services." But Bishara mentions only one *specific* good or service—the billboard. Yet Bishara also expressly disclaims any connection between the billboard and the complaint: "[t]he DTPA claim did not arise out of the alleged [advertising] contract." Instead, Bishara says, "[t]he DTPA claim is the illegal activity of Defendant which arise[s] out of and is motivated out of greed and violations of the Act and is not linked to the alleged contract."

These allegations cannot sustain a DTPA claim. The advertising contract cannot support the claim, because Bishara denies any connection to that contract (and thus denies that it ever sought or purchased anything from Outfront). On the contrary, Bishara argues: "This case involves the filing to collect a debt against the wrong company, the wrong business with a very similar name." Nor can Morris Lendais's debt-collection efforts support such a DTPA claim, because Bishara does not allege that it ever sought or purchased any good or service from that law firm.

In short, Bishara has not identified any specific "goods or services" that it sought or acquired from anyone. *See Burton*, 577 S.W.3d at 291. And even if Bishara did purchase services from Outfront (a fact Bishara repeatedly rejects), it has not identified how that purchase "forms the basis" of its complaint against Morris Lendais. *See id.* Instead, Bishara's complaint

focuses on Morris Lendais's debt-collection efforts. Bishara did not seek or purchase those services, so it is not a "consumer" under the DTPA.

We AFFIRM.