# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-23-00475-CR
NO. 03-23-00476-CR
NO. 03-23-00477-CR
NO. 03-23-00478-CR
NO. 03-23-00479-CR
NO. 03-23-00480-CR
NO. 03-23-00481-CR

**Phillip Sueoka, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
NOS. 22CCR02721, 22CCR02722, 22CCR02723, 22CCR02724,
22CCR02725, 22CCR02726, & 22CCR02727
THE HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Phillip Sueoka was charged by complaints with seven counts of the misdemeanor offense of illegally depositing or discharging waste on public or private property. The allegations pertained to a car wash business owned by Sueoka. Sueoka pleaded no contest to the complaints in the municipal court for the City of Harker Heights ("City") after which he elected to appeal to the trial court for a trial de novo. *See* Tex. Code Crim. Proc. arts. 44.17, 45.042. A jury found Sueoka guilty of all seven counts and assessed fines ranging from $500 to $2000, and the trial

court rendered its judgments of conviction consistent with the jury's verdicts. *See* City of Harker Heights, Tex., Code of Ordinances §§ 53.02, .99. After the trial de novo, Sueoka appealed each of his seven convictions to this Court. We will affirm the trial court's judgments of conviction.

**DISCUSSION**

Sueoka's notices of appeal stated that he had retained counsel. On January 22, 2024, this Court sent a notice to Sueoka's attorney informing him that the appellant's brief was overdue and that a failure to file a satisfactory response would result in the referral of the cases to the trial court for a hearing under Rule 38.8 of the Rules of Appellate Procedure. *See* Tex. R. App. P. 38.8. Sueoka then filed a motion to appear pro se in the appeals, and the motion stated that he had released his retained attorney. After receiving the motion, this Court abated these appeals and remanded them for a hearing under Rule 38.8. *See Sueoka v. State*, Nos. 03-23-00475—00481-CR, 2024 WL 460283, at *1 (Tex. App.—Austin Feb. 6, 2024, no pet.) (mem. op. & order, not designated for publication). While the case was on remand, Sueoka's retained counsel filed a motion to withdraw with the trial court, and the trial court granted the motion. Additionally, after holding a hearing, the trial court determined that Sueoka wanted to pursue his appeal and proceed pro se. After a supplemental appellate record containing the trial court's findings of fact and conclusions of law was filed with this Court, these cases were reinstated.

Following reinstatement, Sueoka filed his pro se brief. When presenting his appellate claims in his brief, Sueoka does not refer to the record or to any legal authority supporting the assertions that he makes on appeal. Under the Rules of Appellate Procedure, a "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). A party must not only cite relevant authority

and the record but must also provide substantive legal analysis. *Burton v. Prince*, 577 S.W.3d 280, 292 (Tex. App.—Houston [14th Dist.] 2019, no pet.). An appellate court is not required to construct on his behalf an appellant's arguments with appropriate citations to the record and to legal authority. *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017); *see also Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (determining that defendant's issue was inadequately briefed and presented nothing for review); *Cardenas v. State*, 30 S.W.3d 384, 393-94 (Tex. Crim. App. 2000) (same).

Although appellate courts construe pro se briefs liberally, they also hold pro se defendants to the same standards as licensed attorneys, meaning pro se defendants must comply with applicable laws and rules of procedure. *Brown v. State*, 632 S.W.3d 75, 78 (Tex. App.—El Paso 2020, no pet.); *Griffis v. State*, 441 S.W.3d 599, 612 (Tex. App.—San Antonio 2014, pet. ref'd); *see also Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not . . . a license not to comply with relevant rules of procedural and substantive law"). "If pro se litigants were not required to comply with applicable rules of procedure, they would be given an unfair advantage over parties represented by counsel." *Brown*, 632 S.W.3d at 78. Additionally, "the right to appellate review extends only to complaints made in accordance with our rules of appellate procedure." *See Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995).

Because Sueoka's brief does not reference the record or supporting authorities and does not set out a substantive legal analysis, Sueoka's issues are "inadequately briefed and present[] nothing for review." *See Lucio*, 351 S.W.3d at 896; *see also Alonzo v. State*, No. 03-22-00518-CR, 2023 WL 5597362, at *1 (Tex. App.—Austin Aug. 30, 2023, no pet.) (mem. op., not

designated for publication) (determining that pro se defendant inadequately briefed issues by failing "to supply appropriate citations to authority and to the record").[1]

Even liberally construing Sueoka's three-page brief to identify potential claims, we would be unable to sustain his issues on appeal. Although Sueoka does not separately identify any appellate claims, he does assert that his convictions should be reversed for several different reasons. First, he refers to events that he claims occurred at the trial before the municipal court. For example, he asserts that his attorney quit shortly before trial and seems to suggest that he did not have counsel at the time of the trial, and he contends that the prosecutor threatened to turn off his access to water at his business. However, no record exists from that proceeding because the municipal court is not a court of record. *See* City of Harker Heights, Tex., Code of Ordinances § 2.12 (setting out that City has municipal court); *see also* Tex. Gov't Code § 30.00003 (setting out requirements for establishing court of record).

Moreover, as set out above, Sueoka appealed the municipal court's judgments to the trial court for a trial de novo. *See* Tex. Code Crim. Proc. arts. 44.17, 45.042. A trial de novo is a new proceeding occurring as if it had originally commenced in the trial court, and therefore, Sueoka "stood before the" trial court "unaffected by what might have happened" in the municipal court. *See State v. Campbell*, 820 S.W.2d 44, 45 (Tex. App.—Austin 1991, pet. ref'd); *see also*

---

[1] We note that before Sueoka filed his pro se brief, he filed another brief that he admitted was "not complete," and he requested an extension of time to file another brief. The prior brief, like the current one, did not refer to the record or cite any governing legal authority. In granting the extension, the Clerk of this Court sent a letter explaining to Sueoka that any amended brief filed "must comply with the requirements of the Rules of Appellate Procedure, including . . . the need to set out the facts pertinent to the issues presented with references to the appellate record, and the need to set out argument for the issues presented along with citations to legal authorities and to the appellate record. *See* Tex. R. App. P. 9.5, 38.1."

*Ex parte Jones*, 81 S.W.2d 706, 707 (Tex. Crim. App. 1935) (holding that trial de novo is conducted as if there had been no trial in lower court and without regard to evidence, plea, or manner of conduct of trial in lower court). Accordingly, Sueoka's claims regarding the trial before the municipal court are moot. *See Perez v. State*, No. 06-21-00131-CR, 2022 WL 3452407, at *6 (Tex. App.—Texarkana Aug. 18, 2022, no pet.) (mem. op., not designated for publication) (explaining that effect of trial de novo "is that any non-jurisdictional error or irregularity in the justice court becomes a nullity, and any challenge based on such error or irregularity is moot").

Regarding the trial de novo before the trial court, Sueoka asserts that the prosecutor told the trial court to exclude all of his evidence and that the trial court granted that request. Additionally, Sueoka contends that if he had been able to present his evidence, the jury would not have convicted him. However, Sueoka does not identify what evidence was excluded. *Cf. Lempar v. State*, 191 S.W.3d 230, 235-36 (Tex. App.—San Antonio 2005, pet. ref'd) (noting that general statement that evidence was excluded without identifying excluded evidence was too conclusory to show entitlement to relief). Moreover, nothing in the record supports the assertion that the trial court excluded his evidence or that Sueoka made any objection to the exclusion. Generally, to preserve error for appeal, a defendant must make a timely, specific objection, request, or motion to the trial court stating the specific grounds for the ruling sought by the complaining party, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a). Accordingly, Sueoka has not preserved any claim regarding the exclusion of evidence. *See Ruckman v. State*, 109 S.W.3d 524, 531 (Tex. App.—Tyler 2001, pet. ref'd) (concluding that defendant failed to preserve complaint regarding exclusion of evidence where he did not object to exclusion).

Finally, Sueoka argues that the charges against him were changed when he appealed from the municipal court to the trial court and that his attorney did nothing to stop the change in

charges. However, Sueoka does not explain in his brief how the charges against him changed. Moreover, the record does not show that Sueoka made any objection asserting that the charges had been changed before his convictions. *See* Tex. Code Crim. Proc. art. 44.181 (noting that defendant must object to defects in complaint before trial begins). Although a defendant's failure to object does not waive a challenge that a charging instrument is fundamentally defective in the sense that it does not purport to charge an offense, *Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998), Sueoka does not assert that the complaints were fundamentally defective.

Additionally, although "[t]he particularity in pleading that is required for an indictment or an information is not required for a complaint," *Kindley v. State*, 879 S.W.2d 261, 263 (Tex. App.—Houston [14th Dist.] 1994, no pet.), the complaints in this case alleged that Sueoka "unlawfully and willfully, caused, permitted, maintained, or allowed the deposit or discharge of waste on public or private property, to wit: Grit Trap Waste." Even though the jury charges included other language not in the complaints, the application portion of the jury charges for the trial de novo used language that was nearly identical to what was in the complaints. *See Simmons v. State*, 666 S.W.2d 123, 124 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd) (noting that language in jury charge did not exactly match language of charging instrument but concluding that there was no material difference between two that would constitute fundamental error). Additionally, that language is consistent with the language of the municipal ordinance reflected in the judgments of conviction from the trial court. *See* City of Harker Heights, Tex., Code of Ordinances § 53.02 (prohibiting individuals from depositing or discharging waste on "public or private property").[2]

_____

[2] In his brief, Sueoka asserts that he recorded a conversation between his trial attorney and himself and that the recording shows that his attorney did nothing to represent him at trial. As

6

For these reasons, we overrule Sueoka's issues on appeal.[3]

## CONCLUSION

Having overruled all of Sueoka's issues on appeal, we affirm the trial court's judgments of conviction.

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Kelly

Affirmed

Filed: August 9, 2024

Do Not Publish

_____

support for this claim, Sueoka submitted to this Court a recording of a conversation allegedly between his attorney and himself. However, that recording was not part of the trial record in this case. *See Brown v. State*, 632 S.W.3d 75, 79 (Tex. App.—El Paso 2020, no pet.) (explaining that appellate courts may not consider documents submitted on appeal that were not part of trial record). Moreover, the record in this case contradicts Sueoka's assertion that his trial attorney did nothing to represent him as it shows that his attorney filed a request for compliance with article 39.14 of the Code of Criminal Procedure, made an opening statement, cross-examined the State's witnesses, called witnesses on behalf of Sueoka, objected to testimony from witnesses, and made closing arguments. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (emphasizing that ineffectiveness challenges are considered in light of "the totality of the representation" provided by attorney).

[3] After filing his brief in this case, Sueoka filed three motions seeking to submit additional documents as evidence. We deny those motions because the documents are either already part of the clerk's record or are documents that are not part of the clerk's record in this case and have not been stipulated to by the parties. *See* Tex. R. App. P. 34.2; *Brown*, 632 S.W.3d at 79.